[No. A073813. First Dist., Div. One. Feb. 10, 1997.]

OSCAR WILLIAMS et al., Plaintiffs and Appellants, v.
WELLS & BENNETT REALTORS et al., Defendants and Respondents.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts C. and D. of the Discussion.

**COUNSEL**

Roberts & Stokes and Hiawatha T. Roberts for Plaintiffs and Appellants.

Kelechi Charles Emeziem, Steven Kass and John S. Preston for Defendants and Respondents.

**OPINION**

**DOSSEE, J.**—Oscar and Linda Williams appeal from a judgment on the pleadings entered in favor of Wells & Bennett Realtors (Wells) and Al

Frankel in appellants' action for breach of contract and fraud in connection with the purchase of a residence. The trial court determined that the two-year statute of limitations of Civil Code section 2079.4 barred all causes of action. We hold that the special statute of limitations does not apply to causes of action for intentional fraud, and we reverse.

## BACKGROUND

The allegations of appellants' first amended complaint disclose the following facts. Appellants purchased a residence from Shirley Mims on or about April 20, 1990. Al Frankel, of Wells, was the agent for the seller.[1] At the time Mims authorized Wells to sell the property, there were a number of defects present on the property. Specifically, there was a defective retainer wall on the downhill side of the home, which caused occasional shifting of the earth supporting the concrete slab foundation. The affected portion of the foundation extended from the garage into the family room. Prior to appellants' viewing of the house, Mims toured the property with Frankel and pointed out a large continuing crack in the floor of the garage and family room. Mims told Frankel that the crack was caused by the earth shifting. Mims delivered the keys to Frankel and left for Louisiana. When appellants first viewed the property, the crack in the garage floor had been filled, and the crack in the family room had been completely covered by tile.

Appellants made an offer to purchase the home, which was eventually accepted by Mims. In connection with the sale, Mims and Frankel each executed a disclosure statement, as required by Civil Code sections 1102 and 2079.[2] On Mims's portion of the statement, she checked "yes" to the question regarding her awareness of any significant defects, but checked "no" as to each of the listed possible defects, with the result that no defect was disclosed by Mims. Frankel's portion of the form stated: "no adverse conditions noted other than cosmetic repair." Appellants took title to the home in April of 1990.

Appellants did not discover the defect until an inspection on or about August 18, 1992, revealed major damage to the foundation. The cost of repair was estimated to be over $150,000. On March 15, 1994, appellants filed a complaint against Mims, Wells, Frankel, and appellants' own realtors. That complaint contained three causes of action, and alleged breach of contract, (failure to disclose pursuant to section 1102), fraud, and negligent misrepresentation. On January 2, 1996, Wells and Frankel noticed a motion for judgment on the pleadings, arguing that all causes of action were barred by the statute of limitations set forth in section 2079.4.

---

[1] Mims is not a party to this appeal.
[2] Unless otherwise indicated, all statutory references are to the Civil Code.

At a hearing held on January 22, 1996, the court granted Wells's motion with prejudice as to the third cause of action for negligent misrepresentation. The court granted the motion without prejudice as to the contract and fraud causes of action, and gave appellants 10 days to amend.

On February 1, 1996, appellants filed a first amended complaint which asserted, in relevant part, three causes of action against Wells and Frankel. Appellants conceded that the original cause of action for negligent misrepresentation was precluded by the two-year statute of limitatations, as determined in *Loken* v. *Century 21-Award Properties* (1995) 36 Cal.App.4th 263 [42 Cal.Rptr.2d 683]. The sixth cause of action, entitled "Fraud—Deceit—Civil Code Section 1710(1)" alleged that the disclosure statement represented that there were no adverse conditions on the property. The actual fact was that there was a serious defect in a retaining wall and the foundation, and a large crack ran through the garage into the family room. This cause of action also alleged, on information and belief based on a recent deposition of Mims, that Frankel had deliberately covered over the crack with tile. The seventh cause of action, entitled "Fraud—Suppression of Fact—Civil Code Section 1710(3)" alleged that Frankel represented there were no adverse conditions on the property, but suppressed the fact that the house had a serious defect in the retaining wall and foundation which made the house uninhabitable. The eighth cause of action, entitled "Breach of Implied Covenant of Good Faith and Fair Dealing" alleged that a statement disclosing real estate relationships, signed by Frankel, was a part of the contact between appellants and Mims. The complaint further alleged that appellants were third party beneficiaries of the authorization to sell, signed by Frankel and Mims. The failure to disclose and affirmative misrepresentations were alleged to be a breach of the covenant of good faith and fair dealing implied in those contracts.

On or about February 20, 1996, Wells and Frankel filed a second motion for judgment on the pleadings and a motion to strike the first amended complaint. Respondents argued that the complaint was still barred by section 2079.4, because the only duty Frankel owed appellants was the duty to inspect and disclose under section 2079.[3] On March 29, 1996, the court entered its minute order granting respondents' motion, as to all relevant causes of action, stating that the action was barred by sections 2079 and 2079.4, pursuant to *Loken* v. *Century 21-Award Properties, supra,* 36 Cal.App.4th 263. The order further stated that no contract existed between these parties and appellants. Judgment was entered on April 12, 1996,

---

[3]Defendants Realty World Chabot Highland, J. Terrell, and Laurice Jackson also filed a motion for judgment on the pleadings, which was ultimately denied by the trial court.

dismissing the action as to Wells and Frankel. Appellants appealed from the judgment.[4]

## DISCUSSION

On appeal, appellants' primary arguments are that the reasoning of the *Loken* decision does not apply in cases of intentional fraud and that the allegations of the amended complaint relate back to the date of filing the original complaint. We find merit in these two arguments, and reverse the court's judgment dismissing Wells and Frankel from the case.

### A. Standard of Review

■ "A judgment on the pleadings is governed by the standards governing a judgment following a successful demurrer. (6 Witkin, [Cal. Procedure (3d ed. 1985)] Proceedings Without Trial, § 263, p. 565.) A general demurrer admits the truth of all material facts alleged in the complaint." (*Ramirez v. USAA Casualty Ins. Co.* (1991) 234 Cal.App.3d 391, 397 [285 Cal.Rptr. 757].) Thus, on appeal, we assume the truth of the allegations of the complaint. (6 Witkin, Cal. Procedure, *supra*, Proceedings Without Trial, § 263, p. 564.)

### B. Application of the Two-year Statute of Limitations in Section 2079.4

■ Regarding appellants' sixth and seventh causes of action for fraud, respondents argue that section 2079 sets out a broker's obligation to prospective purchasers of real property, and that breach of any obligation arising from that statute is governed by the two-year limitations period in section 2079.4.[5] Citing a passage from *Loken*, they also argue that the two-year statute applies to actions for fraud, as well as negligence, claiming that a broker's sole duty is to inspect and disclose. According to respondents, no matter what the broker may do to conceal known defects, his only liability is for failure to inspect and disclose, and the two-year statute governs. After reviewing the Legislative history of section 2079, we conclude that the statute of limitations in section 2079.4 was not intended to

---

[4]The final judgment as to the Wells defendants is appealable. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 49, p. 74.) The various minute orders from which appellant purported to appeal are not appealable, and the appeal as to those orders has been dismissed. (9 Witkin, Cal. Procedure, *supra*, Appeal, § 82, pp. 104-105; *Stevens* v. *Key Resistor Corp.* (1960) 186 Cal.App.2d 325 [8 Cal.Rptr. 908].)

[5]Section 2079.4 provides "[i]n no event shall the time for commencement of legal action for breach of duty imposed by [section 2079 et seq.] exceed two years from the date of possession, which means the date of recordation, the date of close of escrow, or the date of occupancy, whichever occurs first."

apply to actions for intentional fraud, and we do not read *Loken* as holding that it does.

Section 2079, added in 1985 and amended in 1994, contained an express statement of Legislative intent. That statement of intent was enacted as section 2079.12 in 1994, and provides, in relevant part, as follows.[6] "(a) The Legislature hereby finds and declares all of the following: [¶] . . . [¶] (4) That Sections 2079 to 2079.6, inclusive, of this article should be construed as a definition of the duty of care found to exist by the holding of *Easton* v. *Strassburger*, 152 Cal.App.3d 90 [199 Cal.Rptr. 383, 46 A.L.R.4th 521], and the manner of its discharge. . . . [¶] (b) It is the intent of the Legislature to codify and make precise the holding of *Easton* v. *Strassburger*, 152 Cal.App.3d 90. It is not the intent of the Legislature to modify or restrict existing duties owed by real estate licensees."

Section 2079 sets out the *Easton* duty as follows: "(a) It is the duty of a real estate broker or salesperson, licensed under Division 4 (commencing with Section 10000) of the Business and Professions Code, to a prospective purchaser of residential real property . . . to conduct a reasonably competent and diligent visual inspection of the property offered for sale and to disclose to that prospective purchaser all facts materially affecting the value or desirability of the property such that an investigation would reveal, if that broker has a written contract with the seller to find or obtain a buyer or is a broker who acts in cooperation with that broker to find and obtain a buyer."[7]

Thus, the Legislature made it clear that it was codifying the holding of *Easton*, and had no intention of changing the existing law as it related to real estate brokers and salespeople. In *Easton*, the court noted that existing

---

[6]The balance of the text of section 2079.12 states: "Legislative findings and declarations
"(a) The Legislature hereby finds and declares all of the following:
"(1) That the imprecision of terms in the opinion rendered in *Easton* v. *Strassburger*, 152 Cal.App.3d 90, and the absence of a comprehensive declaration of duties, standards, and exceptions, has caused insurers to modify professional liability coverage of real estate licensees and has caused confusion among real estate licensees as to the manner of performing the duty ascribed to them by the court.
"(2) That it is necessary to resolve and make precise these issues in an expeditious manner.
"(3) That it is desirable to facilitate the issuance of professional liability insurance as a resource for aggrieved members of the public. . . ."
[7]In 1994, the Legislature added subdivision (b) to section 2079, which referenced the other statutory duties of brokers and salespeople, as follows: "(b) It is the duty of a real estate broker or salesperson licensed under Division 4 (commencing with Section 10000) of the Business and Professions Code to comply with this section and any regulations imposing standards of professional conduct adopted pursuant to Section 10080 of the Business and Professions Code with reference to Sections 10176 and 10177 of the Business and Professions Code."

law required agents to disclose material defects known to the broker, but unknown to the prospective buyer. (*Easton* v. *Strassburger* (1984) 152 Cal.App.3d 90, 99 [199 Cal.Rptr. 383].) A failure to disclose such facts gave rise to a cause of action for fraudulent concealment. (*Ibid.*) The liability of the agent in *Easton* was grounded on negligence, rather than fraud, and the court concerned itself with the issue of whether the agent had a duty to conduct an inspection to discover defects. (*Ibid.*) The court found that the dual policies of ensuring that a buyer receives accurate information and of protecting a buyer from unethical brokers would not be served by allowing the broker to be "shielded by his ignorance of that which he holds himself out to know." (*Id.* at pp. 99-100.) The court, therefore, held that the duties of a seller's broker included "the affirmative duty to conduct a reasonably competent and diligent inspection of the residential property listed for sale and to disclose to prospective purchasers all facts materially affecting the value or desirability of the property that such an investigation would reveal." (*Id.* at p. 102.) The court distinguished prior cases, which involved fraud, and stated that in a case based on negligence, the plaintiff need not prove that the broker had actual knowledge of the defect or that the facts were accessible only to the broker or seller. (*Id.* at p. 103.) This review of *Easton* makes it clear that a real estate agent's liability for fraud existed prior to the *Easton* case, and that the new duty imposed by *Easton* did not change the preexisting law of fraud.

The *Loken* case arose after the Legislature codified the holding of *Easton* in section 2079. The buyer in *Loken* viewed the property with his agent, and was assured that cracks in the stucco exterior were normal. After his offer had been accepted, the buyer received a disclosure statement from the seller which represented that the only significant defect was cracking in the cement driveway. Seller's agent also signed the statement, representing that he made a reasonably diligent inspection, and found no other defects. Escrow closed on December 7, 1987. In January of 1990, the buyer discovered cracking in the walls. When he removed the wall-to-wall carpeting in a lower level room, he found a major crack in the cement slab of the house. Evidence of carpet glue in the crack indicated that the crack existed when the carpet was installed. (*Loken* v. *Century 21-Award Properties, supra,* 36 Cal.App.4th at p. 267.) On March 28, 1990, the buyer filed an action against various individuals, and seller's real estate brokerage and agent. The Court of Appeal reversed a trial court's judgment in the buyer's favor, finding that the action was time-barred. (*Id.* at p. 266.)

The *Loken* court determined that the duty imposed by section 2079 was the twofold duty of conducting a visual inspection, and of disclosing the facts that such an inspection would reveal. (36 Cal.App.4th at p. 271.) The

court stated that the first part of the duty embodied principles of negligence, but that the disclosure part of the duty implicated both negligence and negligent misrepresentation. (*Ibid.*) The *Loken* court ultimately concluded that the two-year statute of limitations in section 2079.4 barred causes of action for negligent misrepresentation, despite the fact that the law views that tort as "a species of fraud or deceit." (36 Cal.App.4th at pp. 268, 272.) The citations supporting the court's statement regarding "a species of fraud" note that negligent misrepresentation occurs when the defendant makes false statements, honestly believing them to be true, but has no reasonable ground for that belief. Thus, the citations relate the tort primarily to principles of negligence. (5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 720, p. 819.) The *Loken* court's discussion does not implicate intentional torts or actual fraud, which are subject to different rules of pleading and proof. (See, e.g., Prosser & Keeton, The Law of Torts (5th ed. 1984) § 107, pp. 740-742 [noting that misrepresentation may be separated into three types: intentional, negligent, and strict liability]; and 2 Harper et al., The Law of Torts (2d ed. 1986) § 7.6, pp. 405-406 [noting that the basis for liability in misrepresentation by those in the business of providing information is negligence].) Although respondents base their arguments on the *Loken* court's general statements regarding fraud, we discern no support in that decision for an extension of the statute of limitations in section 2079.4 to govern actions based on intentional fraud.

The *Loken* court also analyzed the legislative intent underlying section 2079, and noted that there was a concern for facilitating the issuance of liability insurance for real estate licensees. (36 Cal.App.4th at p. 272.) The court referenced Insurance Code section 11589.5, which prohibits insurers from excluding coverage for liability arising from breach of the statutory duty under section 2079, but allows exclusion of coverage for liability premised on dishonest, fraudulent, criminal, or malicious acts.[8] Because the Insurance Code provisions were part of the same legislation, the court implicitly conceded that fraudulent or criminal acts were not within the intended scope of section 2079. (36 Cal.App.4th at p. 272.) The *Loken* court determined that despite the fact that the plaintiff had labeled his cause of

[8]"No insurer who provides professional liability insurance for persons licensed under the provisions of Part 1 (commencing with Section 10000) of Division 4 of the Business and Professions Code shall exclude from coverage under that policy liability arising from the breach of the duty of the licensee arising under Article 2 (commencing with Section 2079) of Chapter 3 of Title 6 of Part 4 of Division 3 of the Civil Code. Notwithstanding the foregoing, an insurer may exclude coverage against liability arising out of a dishonest, fraudulent, criminal, or malicious act, error, or omission committed by, at the direction of, or with the knowledge of the insured. [¶] For the purposes of this section, 'professional liability insurance' means insurance against liability for damages caused by any act or omission of a real estate licensee in rendering professional services in this state." (Ins. Code, § 11589.5.)

action as one for negligent misrepresentation, which may have had its roots in fraud, the wrongful conduct alleged in that case stemmed from the statutory duty to inspect and disclose imposed by section 2079. (36 Cal.App.4th at p. 272.)

The key to the holding in *Loken* is the court's statement that even though a cause of action is labeled as negligent misrepresentation, if it is derived from the statutory duty to inspect and disclose, it is subject to the two-year limitation.[9] The evidence in *Loken* was that the broker looked at the foundation and could not recall seeing any cracks. He did no further inspection, and denied making any representations about the house. (*Loken* v. *Century 21-Award Properties, supra,* 36 Cal.App.4th 263, 268.) When the court viewed the property, it observed a significant crack in the slab, numerous cracks in the exterior walls, receding cement steps and a crack in the concrete under the sliding glass door to the patio. There was photographic evidence that an iron bar was being used to support the patio door at the time of the purchase. (*Ibid.*) The buyer stated that the broker told him that the house was structurally sound, with no problems. (*Id.* at p. 266.) These facts indicate that the broker's inspection was, at least, negligent, and that there was a failure to disclose what a diligent inspection would have revealed. There were no facts indicating that the broker (as opposed to the seller) had engaged in intentionally fraudulent acts. The *Loken* court's discussion of the insurance exclusion for fraudulent or criminal acts further indicates that the court did not intend to extend the limitations period of section 2079.4 to acts of overt fraud or to acts that would be criminal. The essence of the negligent misrepresentation cause of action in *Loken* was the negligent acts of the broker, and not acts of intentional fraud in covering up a blatant defect. Our conclusion that *Loken* has no application to intentional fraud is supported by the express Legislative reference in section 2079 which establishes that the only duty added by that section is the *Easton* duty to inspect and disclose.[10]

C., D.*

• • • • • • • • • • • • • • • • • • • • • • • • • •

---

[9]Appellants' original third cause of action came within the *Loken* rule, as it alleged that the defendants made representations regarding the condition of the foundation without making a reasonably diligent inspection and without having reasonable grounds to believe the representations were true. This cause of action sounded only in negligence and arose directly from the statutory duty to inspect and disclose.

[10]*Easton* involved liability only for negligence, as the causes of action for fraud and intentional misrepresentation had been dismissed. (*Easton* v. *Strassburger, supra,* 152 Cal.App.3d 90, 97.)

*See footnote, *ante,* page 857.

## CONCLUSION

The judgment dismissing the complaint as to Wells and Frankel is reversed and the matter is remanded for further proceedings in accordance with this opinion. Costs are awarded to appellants.

Strankman, P. J., and Swager, J., concurred.

A petition for a rehearing was denied March 12, 1997.